# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

SCOTT TAYLOR, on behalf of himself and all others similarly situated,

 Plaintiff,

v.

OWEN FARICY MOTOR COMPANY, a Colorado corporation,

 Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Scott Taylor ("Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, Leventhal Lewis Kuhn Taylor Swan PC, complains as follows:

## NATURE OF THE ACTION

1. This action is brought on behalf of all automotive technicians holding comparable positions with different titles (collectively "Technicians") employed by Owen Faricy Motor Company ("Defendant") in Colorado during the last three (3) years, plus any period of tolling, and who were not properly paid regular/straight time wages and/or overtime compensation.

2. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiff alleges that Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, by failing to pay Technicians required overtime compensation.

3. This case is also brought as a class action under Fed. R. Civ. P. 23 pursuant to the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 CCR § 1103-1, and the Colorado Wage Act, C.R.S. § 8-4-101 ("CWA"). Plaintiff alleges that Defendant violated the

COMPS Order by failing to pay Technicians overtime compensation at applicable rates as required by law and prohibiting Technicians from taking bona fide, uninterrupted meal breaks as required by law and failing to provide compensation for said work. Plaintiff alleges that Defendant violated the CWA by failing to pay all earned regular/straight time wages for work performed on Defendant's premises and by failing to pay overtime wages.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claim that they form part of the same case or controversy.

6. Defendant is subject to personal jurisdiction in Colorado because it is incorporated in Colorado, domiciled in Colorado, has availed itself of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions alleged herein arise out of Defendant's activities in Colorado.

7. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## THE PARTIES

8. Plaintiff is, and was at all times relevant to this action, an adult individual domiciled in Colorado Springs, Colorado.

9. Defendant is a corporation incorporated under the laws of the State of Colorado with its principal place of business located at 4950 New Car Drive, Colorado Springs, Colorado

80923. Defendant is primarily in the business of operating automotive dealerships. Defendant owns and operates at least three (3) such dealerships in Colorado including Faricy Boys Jeep located at 4950 New Car Drive, Colorado Springs, Colorado 80923; Faricy Boys Ford located at 2501 Fremont Drive, Cañon City, Colorado 81212; and Faricy Boys Automotive located at 931 East Highway 50, Salida, Colorado 81201.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff seeks to prosecute his FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendant as Technicians (or similar title as defined *supra*) in Colorado at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of forty (40) in a work week ("Collective").

11. Plaintiff will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the members of the Collective.

12. The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

13. Plaintiff sues on his own behalf and on behalf of a class of employees under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendant's violations of the COMPS Order and the CWA.

3

14. Plaintiff brings his Colorado state law claims on behalf of all employees who were employed by Defendant in Colorado as Technicians at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of Technician (or similar title as defined *supra*) and who were not paid (a) all regular/straight time wages for work performed for Defendant on Defendant's premises; (b) overtime compensation for all hours worked or at an appropriate rate of pay for all hours worked, including hours in excess of forty (40) in a work week and/or twelve (12) in a work day; and (c) for work performed during mandatory meal breaks ("Wage Class").

15. The members of the Wage Class are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are dozens of members of the Wage Class.

16. Plaintiff's claims are typical of the claims of the members of the Wage Class. Plaintiff performed the same essential job duties as the members of the Wage Class; Defendant paid Plaintiff and the members of the Wage Class pursuant to the same policies and procedures; and Plaintiff and the members of the Wage Class were victims of the same wrongful conduct in which Defendant engaged in violation of the COMPS Order and the CWA.

17. The class action mechanism is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that

numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which injured parties can effectively litigate against corporate defendants like Defendant. Numerous repetitive individual actions would also place an undue burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct.

18.     Defendant has acted or refused to act on grounds generally applicable to the Wage Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Wage Class as a whole.

19.     Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

20.     Plaintiff will fairly and adequately protect the interests of the members of the Wage Class.

21.     There are questions of law and fact common to the Wage Class which predominate over any questions solely affecting the individual members of the Wage Class, including, but not limited to:

    a. Whether Defendant employed the members of the Wage Class within the meaning of the COMPS Order and the CWA;

    b. Whether Defendant's policies and practices described within this Complaint are illegal;

    c. Whether Defendant properly paid the members of the Wage Class for all hours, including hours worked below, at, and above 40 hours;

    d. Whether Defendant properly tracked and/or calculated the number of regular and

      overtime hours payable to the members of the Wage Class based on their work below, at, and beyond forty (40) hours in a work week and/or twelve (12) hours in a work day;

   e. Whether Defendant permitted members of the Wage Class to take a bona fide, uninterrupted meal break as required by state law;

   f. What proof of hours worked is sufficient where, as here, Defendant failed in its duty to keep and maintain accurate time records; and

   g. Whether Defendant is liable for all damages claimed hereunder.

## STATEMENT OF FACTS

22. Defendant's dealerships contain auto service and repair garages which perform a variety of vehicle repair and maintenance services for customers. Technicians follow a standardized process involving well-established techniques and procedures, and they work within closely prescribed limits. Defendant employs all Technicians and establishes their pay practices.

23. Technicians are classified as non-exempt, hourly employees and compensated on a piece-rate hourly basis. Technicians should be paid for all hours worked, including overtime compensation for hours worked over forty (40) in a work week and/or over twelve (12) in a work day.

24. Defendant employed Plaintiff as a Technician in Colorado Springs, Colorado. Plaintiff began his employment on or about July 5, 2023 and was terminated by Defendant on or about February 7, 2024.

25. Plaintiff was advised by Defendant that that he was to be classified as a non-exempt employee and would be paid as a "piece-rate" hourly worker. Plaintiff, based on both his

experience working for Defendant with other Technicians and upon information and belief, understood that all Technicians were considered "piece-rate" workers.

26. As a Technician, Plaintiff performed routine auto repair and maintenance services including oil changes, tire changes and rotations, filter changes, brake maintenance, and other related duties as assigned.

27. Plaintiff would use Defendant's internet-based time clock to clock in and out when he arrived for and left his shifts. However, Defendant did not pay Plaintiff based on his total hours worked on Defendant's premises each week.

28. Instead, Plaintiff was only paid for hours spent conducting billable auto repairs and related services. Plaintiff was only paid for the time Defendant's software, manufacturer guides, and related systems stated a particular repair should take rather than the amount of time Plaintiff actually worked on any particular repair.[1]

29. Plaintiff was not paid for any work that could not be coded and billed within Defendant's billing system. Plaintiff was not paid for any other shop work such as repair quality checks, test driving, shop cleaning, opening/closing the shop, and paperwork because these tasks were not included in any manufacturer guidelines or billing systems.

30. Plaintiff was paid for billed repair hours via payroll check.

31. Plaintiff was not paid for pre- and post-shift work performed for Defendant. Plaintiff was required to arrive for his shifts thirty (30) minutes early but was not paid for that time even though Plaintiff recorded early arrivals and late departures on the company's time clock and

---

[1] For example, if Defendant's manufacturer guidelines and billing codes stated that an oil change on a Jeep vehicle requires 0.4 hours of technician labor, Plaintiff would only be paid for 0.4 hours of work, even if the repair took longer than 0.4 hours.

performed compensable work during that time.

32. Defendant improperly applied a piece-rate compensation plan because Defendant failed to:

   a. determine Plaintiff's regular rate of pay by adding together total earnings for the work week from piece rates and all other sources (*i.e.*, bonuses, commissions, shift differentials, etc.) and any sums paid for waiting time or other hours worked to calculate the "regular rate" for that week;

   b. compensate Plaintiff overtime pay equal to the sum equivalent of one-half his regular rate of pay multiplied by the number of hours worked more than 40 in the week.

33. Plaintiff and other technicians were prohibited from taking meal breaks during their shifts. Plaintiff and other Technicians were advised by Defendant that they were not to take meal breaks to avoid delays in repairs and other services. Plaintiff and other Technicians were not compensated for time spent working through meal breaks.

34. Plaintiff regularly worked more than 40 hours each week, but Plaintiff never received overtime premiums at one and one-half his regular rate of pay for hours worked over 40 in individual work weeks.

35. Plaintiff and all other technicians were employed under identical or substantially similar terms. All Technicians were provided identical or substantially similar copies of a position descriptions at the start of their employments.

36. The common terms of employment for Technicians, including the pay practices identified herein, were intentionally and purposefully made identical by Defendant.

37. The uniform and common practices and policies implemented by Defendant, including the job duties and compensation structure, applied to all Technicians, including Plaintiff.

38. Due to the uniform and common policies and practices implemented by Defendant, most, if not all, of the Technicians' job duties as described were determined by Defendant.

39. Defendant previously employed Plaintiff. Defendant continues to employ members of the Collective and Wage Class as alleged herein.

40. Plaintiff and members of the Wage Class were entitled to the wage protections afforded by the CWA which apply to timely payment of all earned wages.

41. Defendant has failed to pay Technicians, including Plaintiff, for all hours worked and/or to properly calculate Technicians' proper rates of overtime pay.

42. Defendant has in place timekeeping methods for tracking and recording the time Technicians spend working.

43. Defendant has a uniform policy and practice to not pay Technicians for all regular/straight time hours worked or hours worked in excess of forty (40) per work week and/or twelve (12) per work day.

44. Defendant's violations of the FLSA are not in good faith. Defendant is, and has been, well aware of its legal obligation to pay Plaintiff and members of the Collective and Wage Class for all hours worked on its premises, including overtime compensation.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION**

45. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

46. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

47. At all relevant times, Defendant employed, and/or continues to employ, each of the members of the Collective within the meaning of the FLSA.

48. At all relevant times, Defendant has had gross annual revenues in excess of $500,000.

49. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's written consent is attached as Exhibit 1.

50. At all relevant times, Defendant has had a uniform policy and practice to not pay Technicians for all hours worked and/or to not pay overtime compensation for all overtime hours worked at legally mandated rates.

51. As a result of Defendant's failure to properly compensate its employees, including Plaintiff and the members of the Collective, Defendant has violated, and continues to violate, the FLSA.

52. As an employer within the meaning of the FLSA, Defendant has a duty to create and maintain accurate records of employee hours. Defendant failed to do so.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective, is entitled to recover from Defendant unpaid overtime compensation, liquidated damages, Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## COMPS ORDER – CLASS ACTION

55. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

56. At all relevant times, Plaintiff and the members of the Wage Class were employed by Defendant within the meaning of the COMPS Order.

57. Because Defendant was, at all relevant times, an employer within the meaning of the FSLA, it was also an employer within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

58. Defendant violated the COMPS Order by failing to pay Technicians all overtime compensation to which they are entitled at the legally required rates.

59. Plaintiff and the members of the Wage Class are entitled to recover from Defendant overtime compensation at the appropriate premium for all hours worked over forty (40) in a work week and twelve (12) in a work day, any statutory penalties, Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

60. Under 7 CCR § 1103-5.1, employees are "entitled to an uninterrupted and duty-free meal period of at least a 30-minute duration when the shift exceeds 5 consecutive hours."

61. Defendant's failure and refusal to permit Plaintiff and members of the Wage Class to take uninterrupted meal breaks, as required by law, was in violation of the Meal and Rest Periods provision of 7 CCR § 1103-5.1.

62. Because Defendant did not permit Plaintiff and members of the Wage Class to take an uninterrupted meal break, Plaintiff and members of the Wage Class were required to work through meals but were not compensated for that work time.

11

## THIRD CLAIM FOR RELIEF
### COLORADO WAGE ACT – CLASS ACTION

63. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

64. At all relevant times, Plaintiff and the members of the Wage Class were employed by Defendant within the meaning of C.R.S. § 8-104-101(5).

65. At all relevant times, Defendant was an employer within the meaning of C.R.S. § 8-104-101(6).

66. The CWA defines wages as "[a]ll amounts for labor or service performed by employees," regardless of whether "the amount is fixed or ascertained by the standard of time." Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable." C.R.S. § 8-4-101(14)(a)(I)-(III).

67. Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiff and members of the Wage Class worked hours at or below 40 hours in individual work weeks which were required to be paid at their regular hourly rates of pay.

68. Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiff and members of the Wage Class worked in excess of 40 in individual work weeks which required pay at time and one-half their regular hourly rates of pay.

69. Once Plaintiff and members of the Wage Class worked hours below, at, and above 40 in individual work weeks, they earned either regular and/or overtime compensation, although it was not paid. As such, any regular or overtime wages for which Plaintiff and members of the Wage Class were not paid were and are "wages" as defined by the CWA, and therefore subject to the requirements of the CWA.

70. Plaintiff and members of the Wage Class did not receive pay for hours worked at Defendant's facility because those hours were not "billable" to Defendant.

71. Plaintiff and members of the Wage Class did not receive overtime premiums of one and one-half times their regular rates of pay for hours worked over 40 in individual work weeks.

72. Pursuant to C.R.S. § 8-4-109(3)(b), if an employer fails to pay an employee their earned, vested, and determinable wages as set forth by the CWA within fourteen (14) days of service of a written demand, the employee is entitled to a penalty of (a) 125% of the amount of wages due up to and including $7,500; and (b) 50% of the amount for wages due over and above the first $7,500 due.

73. Plaintiff's Complaint herein serves as a valid written demand under C.R.S. § 8-4-101(15) and 109(3)(a) for unpaid regular and overtime wages and other relief on behalf of himself and members of the Wage Class.

74. Since Defendant failed to tender the demanded compensation in the amounts due to Plaintiff and members of the Wage Class within the fourteen (14) day period allotted by the CWA, Plaintiff and members of the Wage Class will be entitled to recover penalties described by to CWA, C.R.S. § 8-4-109(3)(b) and (c).

75. Pursuant to the CWA, C.R.S. § 8-4-109(3)(c), if the employee can prove that the employer's failure to pay wages due under the Act was willful, each of the penalties set forth under the CWA shall increase by 50%.

76. Defendant's failure and refusal to pay earned overtime wages, as demanded herein within the fourteen (14) day period described by the C.R.S. § 8-4-109(3)(a.5), was willful and in bad faith.

77. Plaintiff and members of the Wage Class are owed all earned, unpaid wages and statutory penalties, including increased penalties for willful violations of the CWA.

78. Per C.R.S. § 8-4-110, Plaintiff and members of the Wage Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other members of the Collective and Wage Class, requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the members of the Wage Class and appointing Plaintiff and his counsel to represent the Wage Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the COMPS Order, and the CWA;

d. An injunction requiring Defendant to cease its unlawful practices under, and to comply with, the COMPS Order, and the CWA;

e. An award of overtime compensation due under the FLSA and the COMPS Order;

f. An award of overtime compensation due under the COMPS Order and the CWA;

g. An award of compensation for work performed during mandatory meal breaks under the COMPS Order;

h. An award of unpaid, earned, and vested regular wages under the CWA;

i. An award of statutory penalties under the CWA of 125% of the amount of wages due up to and including $7,500; and (b) 50% of the amount for wages due over and above the first $7,500 due;

j. An award of additional statutory penalties under the CWA of an additional 50% of the penalties described in C.R.S. § 8-4-109(3)(b) for Defendant's willful violation of the CWA;

k. An award of liquidated damages and/or statutory penalties under the FLSA and the CWA as a result of Defendant's willful failure to properly pay overtime compensation;

l. An award of damages representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

m. An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

n. An award of costs and expenses of this action together with attorneys' and expert fees; and

o. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the Collective and Wage Class have a right to jury trial.

Respectfully submitted this 5th day of April, 2024.

/s/ *Samuel D. Engelson*
Samuel D. Engelson
Michael D. Kuhn
Andrew E. Swan
LEVENTHAL | LEWIS
KUHN TAYLOR SWAN PC
3773 Cherry Creek N. Drive, Suite 710
Denver, CO 80209
Telephone: (720) 699-3000
Facsimile: (866) 515-8628
Email: sengelson@ll.law
mkuhn@ll.law
aswan@ll.law

*Attorneys for Plaintiff*